**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARL EUGENE WILLIAMS,

    Petitioner,

vs.                                                            Case No. 3:11-cv-638-J-32TEM

SEC'Y, FLA. DEP'T OF CORR., et al.,

    Respondents.

**ORDER**

**I. Status**

Petitioner, an inmate of the Florida penal system, initiated this action by filing a pro se Petition (Doc. #1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2006 state court (Clay County) conviction for one count of sale or delivery of cocaine and one count of sale or delivery of cocaine within 1000 feet of church on eight grounds. Respondents have responded. See Response to Habeas Petition (Doc. #11) (hereinafter Response).[1] Petitioner has replied. See Petitioner's Reply to Respondents' Answer to Petitioner's Habeas Petition (Doc. #15). Thus, this case is ripe for review.[2]

**II. Evidentiary Hearing**

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations,

---

[1] The Court hereinafter refers to the exhibits submitted in support of the Response as "Ex."

[2] Respondents set forth the procedural history and assert that the Petition was timely filed. See Response at 1-4. Thus, the Court will not repeat the procedural history.

which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id.  The pertinent facts of this case are fully developed in the record before the Court.  Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing will not be conducted.

### III. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was: "(1) . . . contrary to, or involved an unreasonable[3] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Marquard,[4] 429 F.3d at 1303.  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the

---

[3] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[4] Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278 (11th Cir. 2005).

2

> relevant state court decision. See Carey v. Musladin, 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); Osborne v. Terry, 466 F.3d 1298, 1305 (11th Cir. 2006).

Id. at 1208-09.

For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Harrington v. Richter, 131 S.Ct. 770, 785 (2011) (holding that section 2254(d) does not require a state court to give reasons before its decision can be deemed to have been adjudicated on the merits); Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002).

### IV. Findings of Fact and Conclusions of Law

### A. Grounds One, Two, Four and Five

In ground one, Petitioner contends that counts one and two of the Second Amended Information charging him in state court were defective because they failed to charge a crime under Florida law, in violation of his rights under both the Florida and United States Constitutions. Petition at 7-12. In ground two, Petitioner alleges that counts one and two were defective because they omitted essential elements of the charged crimes. Id. at 13-16. Respondents contend, and this Court agrees, that these two grounds are procedurally barred.

A petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. See Castille v. Peoples, 489 U.S. 346, 349, reh'g

denied, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)).

In the process of exhausting a claim, a habeas petitioner must comply with all independent and adequate state procedures.

> As a rule, a state prisoner's habeas claims may not be entertained by a federal court "when (1) 'a state court [has] declined to address [those] claims because the prisoner had failed to meet a state procedural requirement,' and (2) '"the state judgment rests on independent and adequate state procedural grounds."' Walker v. Martin, 562 U.S. ——, ——, 131 S.Ct. 1120, 1127, 179 L.Ed.2d 62 (2011) (quoting Coleman,[5] 501 U.S., at 729–730, 111 S.Ct. 2546).

Maples v. Thomas, 132 S.Ct. 912, 922 (2012) (alteration in original). The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule:

> (1) the last state court rendering a judgment in the case must clearly and expressly state that it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim; (2) the state court's decision must rest solidly on state law grounds, and may not be "intertwined with an interpretation of federal law"; and (3) the state procedural rule must not be applied in an arbitrary or unprecedented fashion. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001) (citations omitted).

Powell v. Allen, 602 F.3d 1263, 1269 (11th Cir. 2010) (per curiam).

---

[5] Coleman v. Thompson, 501 U.S. 722 (1991).

Petitioner raised these two claims in state court in a petition for writ of habeas corpus filed in the First District Court of Appeal in January of 2008. Ex. J. On February 5, 2008, that court dismissed the petition, citing Baker v. State, 878 So.2d 1236 (Fla. 2004) (finding that habeas corpus petitions filed by noncapital defendants which seek the kind of collateral post-conviction relief available through a Fla. R. Crim. P. 3.850 motion filed in the sentencing court will be dismissed as unauthorized, if such petitions: (1) would be untimely if considered as a 3.850 motion; (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence; or (3) would be considered second or successive motions under the applicable rule of criminal procedure that either fail to allege new or different grounds for relief, or allege new or different grounds for relief that were known or should have been known at the time the first motion was filed). Ex. K. The First District Court of Appeal rejected these two claims on procedural grounds. This procedural rule is regularly enforced. See Rozelle v. State, 119 So.3d 493 (Fla. 1st DCA 2013) (per curiam) (dismissing a petition for writ of habeas corpus, in which the petitioner challenged his judgment and sentence and citing Baker for the proposition that habeas corpus cannot be used to litigate issues that could have been or were raised on direct appeal or in postconviction motions).

Petitioner also raised ground two in state court in a motion for post-conviction relief filed pursuant to Fla. R. Civ. P. 3.850. Ex. BB at 18-31. The state circuit found this claim to be untimely "in that it was filed more than two years after the Defendant's conviction became final." Id. at 175 (citing Huff v. State, 569 So.2d 1247 (Fla. 1990), Delap v. State, 513 So.2d 1050 (Fla. 1987), and Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988)). The court further

found that this "argument could or should have been raised on direct appeal or in his prior Motion, and is thus procedurally barred." Id. (citing Harvey v. Dugger, 656 So.2d 1253 (Fla. 1995), and Cherry v. State, 659 So.2d 1069 (Fla. 1995)).[6] Upon Petitioner's appeal, the First District Court of Appeal summarily affirmed the circuit court's order. Ex. EE.

It would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claims in grounds one and two because they should have been raised on direct appeal. Accordingly, these two grounds have been procedurally defaulted.

"The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez v. Ryan, 132 S.Ct. 1309, 1316 (2012) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

> For purposes of the "cause and prejudice" method of overcoming a procedural bar, a petitioner shows sufficient cause if he can demonstrate "that some 'objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" Siebert,[7] 455 F.3d at 1272 (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)). External impediments sufficient to constitute cause "include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel." Mize,[8] 532 F.3d at 1190.

---

[6] As evidenced by the cases the state circuit court cited, these procedural bars are regularly enforced.

[7] Siebert v. Allen, 455 F.3d 1269 (11th Cir. 2006).

[8] Mize v. Hall, 532 F.3d 1184 (11th Cir. 2008).

6

Owen, 568 F.3d at 908.

Once cause has been established, a petitioner must also demonstrate prejudice. "As to the prejudice requirement, the petitioner must show 'that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred.'" Id. at 908.

A petitioner may also obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995). The Schlup gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324) .

Here, Petitioner has not shown both cause excusing the default and actual prejudice resulting from the bar. Furthermore, he has not shown that he is entitled to the fundamental miscarriage of justice exception. Thus, the Court need not address Petitioner's procedurally barred claims raised in grounds one and two.[9]

In any event, counts one and two of the information were not defective and did not omit any essential elements of the charged crimes. In count one of the Second Amended Information, Petitioner was charged with sale, manufacture, delivery or possession with intent to sell, manufacture or deliver cocaine within 1000 feet of a church. In count two of

---

[9] Even assuming arguendo that these two grounds are not procedurally barred, they raise issues of state law that are not cognizable on federal habeas review. See Response at 7-10.

the Second Amended Information, Petitioner was charged with sale or delivery of cocaine. These two counts were charged as follows:

### COUNT 1

CARL EUGENE WILLIAMS on February 12, 2006, in the County of Clay and the State of Florida, did sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver a controlled substance named or described in Section 893.03(2)(a)4, Florida Statutes, to-wit: Cocaine: in, on, or within 1000 feet of a physical place for worship at which a church or religious or organization regularly conducts religious services, contrary to the provisions of Section 893.13(1)(e)1, Florida Statutes.

### COUNT 2

CARL EUGENE WILLIAMS on February 9, 2006, in the County of Clay and the State of Florida, did unlawfully sell or deliver a controlled substance as named or described in Section 893.03(2)(a)4, Florida Statutes, to-wit: Cocaine, contrary to the provisions of Section 893.13(1)(a)1, Florida Statutes.

Ex. A at 107.

The above-quoted counts were sufficient to place Petitioner on notice of the charges he faced, and they contained the essential elements of the charged offenses. Accordingly, grounds one and two are without merit. Therefore, ground four (asserting that the First District Court of Appeal lacked jurisdiction over Petitioner's direct appeal because counts one and two failed to charge a criminal violation, see Petition at 19-22) and ground five (alleging that appellate counsel was ineffective for failing to argue on direct appeal that these counts were defective, see Petition at 24-27) are also without merit.

Additionally, Petitioner raised the ineffective assistance of appellate counsel claim in ground five in a state habeas petition filed in the First District Court of Appeal. See Ex. R at

8

3-21. The First District Court of Appeal denied the petition "on the merits." Ex. T. Therefore, there is a qualifying decision under AEDPA from the First District Court of Appeal. Next, this Court must consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001).

"A [petitioner] can establish ineffective assistance of appellate counsel by showing: (1) appellate counsel's performance was deficient, and (2) but for counsel's deficient performance he would have prevailed on appeal." Shere v. Sec'y, Dep't of Corr., 537 F.3d 1304, 1310 (11th Cir. 2008) (citations omitted).

> The Supreme Court has held a criminal defendant's appellate counsel is not required to raise all nonfrivolous issues on appeal. Jones v. Barnes, 463 U.S. 745, 751-54, 103 S.Ct. 3308, 3312-14, 77 L.Ed.2d 987 (1983). In so holding, the Court noted, "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-52, 103 S.Ct. at 3313. Therefore, it is difficult for a defendant to show his counsel was ineffective for failing to raise certain issues on appeal, particularly if counsel did present other strong issues. Smith v. Robbins, 528 U.S. 259, 287-88, 120 S.Ct. 746, 765-66, 145 L.Ed.2d 756 (2000).

Payne v. United States, 566 F.3d 1276, 1277 (11th Cir. 2009) (per curiam).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See

> Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). Thus, the standards created by Strickland and § 2254(d) are both highly deferential, "and when the two apply in tandem, review is 'doubly' so[.]" Harrington, 131 S.Ct. at 788 (quoting Knowles, 556 U.S. at 123).

Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this ineffectiveness claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, Petitioner is not entitled to relief on ground five.

### **B. Grounds Three, Seven and Eight**

In ground three, Petitioner asserts that the trial court violated Petitioner's right to due process of law by erroneously using a conviction more than ten years old to calculate his guideline sentence. Petition at 17-19. In ground seven, Petitioner contends that the trial court violated Petitioner's right to due process of law by erroneously using an out-of-state (Georgia) conviction to calculate his guideline sentence. Id. at 32-35. In ground eight, Petitioner argues that the trial court violated Petitioner's right to due process of law by scoring 28.2 points for prior offenses to calculate his guideline sentence. Id. at 36-38. Respondents contend, and this Court agrees, that these grounds present issues of state law that are not cognizable on federal habeas review. Response at 10-12, 21, 23.

> The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" Wilson v. Corcoran, 562 U.S. ——, ——, 131 S.Ct. 13, 15, 178 L.Ed.2d 276 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)).  "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)).

Swarthout v. Cooke, 131 S.Ct. 859, 861 (2011).

> A petitioner's claim that his sentence exceeds the maximum authorized by state law "properly falls within the scope of federal habeas corpus review because 'the eighth amendment bars a prison sentence beyond the legislatively created maximum.'" Echols v. Thomas, 33 F.3d 1277, 1279 (11th Cir. 1994) (quoting Ralph v. Blackburn, 590 F.2d 1335, 1337 n.3 (5th Cir. 1979)). By contrast, a petitioner's challenge to state sentencing guidelines is outside the scope of federal habeas corpus review. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (explaining that habeas petitions based on issues of state law do not provide a basis for relief and that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures").

Graber v. Sec'y, Dep't of Corr., 417 F. App'x 882, 883 (11th Cir. 2011) (per curiam) (footnote omitted).

As noted by Respondents, Petitioner's sentence does not exceed the maximum authorized by state law. See Response at 10-12, 23.  Thus, this Court cannot review the state court's "alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Id. (quoting Willeford v. Estelle, 538 F.2d

11

1194, 1198 (5th Cir. 1976)). Therefore, the Court will not reach the merits of the state law claims raised in grounds three, seven and eight.

## C. Ground Six

Petitioner contends that he received ineffective assistance of appellate counsel because counsel failed to argue on direct appeal that the trial court erroneously allowed the admission of audio-visual tapes depicting the two sales of cocaine to a cooperating informant. Petition at 28-31. Petitioner raised the same ineffective assistance of appellate counsel claim in a state habeas petition filed in the First District Court of Appeal. See Ex. R at 21-34. The First District Court of Appeal denied the petition "on the merits." Ex. T. Therefore, there is a qualifying decision under AEDPA from the First District Court of Appeal. Upon thorough review of the record and the applicable law, this Court concludes that the state court's adjudication of this ineffectiveness claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[10] Therefore, Petitioner is not entitled to relief on this ground.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion for Appointment of Counsel (Doc. #20) is **DENIED**.

---

[10] Appellate counsel could have reasonably determined that it would be futile to raise this claim on the grounds advanced by Petitioner because those grounds were not preserved for appellate review since defense counsel did not present such argument to the trial court. See Response at 15-16.

2.	The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

3.	The **Clerk of the Court** shall enter judgment denying the Petition and dismissing this case with prejudice.

4.	If Petitioner appeals this Order, the Court denies a certificate of appealability.[11] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk of the Court** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

5.	The **Clerk of the Court** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 19th day of November, 2013.

_____
TIMOTHY J. CORRIGAN
United States District Judge

ps 10/31
c:
Carl Eugene Williams
Counsel of Record

---

[11] This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.